IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KRISS RAY CAMP, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-113 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION TO DENY
# RESPONDENT'S MOTION TO DISMISS

Came for consideration the Motion to Dismiss filed by respondent. The undersigned United States Magistrate Judge recommends respondent's motion to dismiss be DENIED.

Respondent contends petitioner's first three claims are unexhausted arguing that even though petitioner raised his first three claims in his petition for discretionary review, he did not raise these claims at the intermediate appellate level. Therefore, the Texas Court of Criminal Appeals is deemed to have not addressed those claims when it issued an order denying PDR relief. Respondent's argument that petitioner has not exhausted those claims is valid. *Myers v. Collins*, 919 F.2d 1074, 1077 (5th Cir. 1990).

Respondent further contends that, because petitioner also raises an issue that is exhausted (his fourth claim) along with three issues that are unexhausted, the petition must be dismissed as "mixed", citing *Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 1205, 71 L. Ed. 2d 379

(1982). Respondent's reliance on *Rose* is misplaced because *Rose* was abrogated by passage of the AEDPA. *See, e.g.*, *Rhines v. Weber*, 544 U.S. 269, 275-76, 125 S. Ct. 1528, 1534, 161 L. Ed. 2d 440 (2005). Courts are no longer required to dismiss mixed petitions; instead, in "limited circumstances" courts may grant a stay and abeyance where "there was good cause for the petitioner's failure to exhaust his claims", and the "unexhausted claims are [not] plainly meritless." *Id.* at 277, 125 S. Ct. at 1535. If a stay and abeyance is not proper, then courts "should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Id.* at 278, 125 S. Ct. at 1535.

Although petitioner has filed a motion entitled "Motion for Stay and Abeyance" on February 4, 2014, the motion asserts a variety of intertwined claims. The majority of the motion is dedicated to arguing for an 81 day extension of the one year deadline, but petitioner also, in his proposed order, seeks to be allowed to return to state court to exhaust his claims. In support of his claims, petitioner argues his appellate counsel failed to deliver the intermediate court's opinion to him in a timely manner and that he was unable to examine the trial records because he was abandoned by his attorneys, causing him to unintentionally raise unexhausted claims. While there is a possibility a stay and abeyance might be proper, the motion filed by petitioner is inadequate.

## CONCLUSION

In light of petitioner's motion and the *Rhines* case, respondent's motion to dismiss should be denied. A separate order shall be issued requiring plaintiff to supplement his February 4, 2014 motion. Upon review of that supplement, the court will determine whether to grant the stay

and abeyance or whether to issue an order for respondent to file a response addressing the merits of the unexhausted claim (ground 4) raised in petitioner's 2254 petition.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion to Dismiss filed by respondent be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation denying respondent's motion to each party by the most efficient means available.

    IT IS SO RECOMMENDED.

    ENTERED this 22nd day of April 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).