IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| KRISS RAY CAMP, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:13-CV-113 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY
PETITION FOR WRIT OF HABEAS CORPUS**

Came for consideration the Petition for Writ of Habeas Corpus filed by petitioner KRISS

RAY CAMP challenging his July 19, 2011, conviction out of the 47th Judicial District Court of

Potter County, Texas for assault causing bodily injury to a family member.  This conviction was

first enhanced by a prior family violence conviction and was then further enhanced by prior

convictions for carrying a prohibited weapon on licensed premises and for burglary of a

habitation with the intent to commit an assault.  Petitioner is presently in custody serving a

twenty-five-year sentence on the conviction he challenges.  *See Camp v. State*, No. 62,157.  For

the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge

that the petition should be DENIED.

I.
FACTS AND PROCEDURAL HISTORY

Petitioner was found guilty of striking, with his hand, a member of his family, a member of

his household, or a person with whom he has a dating relationship.  This offense is classified as a misdemeanor under Texas Penal Code § 22.01(a)(1).  If, however, an individual has a prior conviction for family violence, the charge is eligible to be elevated to a third degree felony.  In affirming CAMP's conviction, the Amarillo Seventh Court of Appeals summarized the facts of this case as follows:

> According to the indictment, appellant assaulted B.C., a member of his family, or a member of his household, or a person with whom he was in a dating relationship by striking her with his hand. Assault under Penal Code § 22.01(a)(1) (intentionally, knowingly, or recklessly causing bodily injury) is a Class A misdemeanor, but because of appellant's alleged 1993 conviction in Tom Green County, Texas for family violence assault and because of the nature of appellant's relationship with B.C., the offense by statute was a third degree felony.   The State sought enhancement of punishment through two prior felony convictions subjecting appellant to imprisonment as a habitual offender for either life or any term of not more than 99 years or less than 25 years.
>
> An investigator with the Potter County Sheriff's Department was assigned the case against appellant. He researched appellant's criminal background through the National Crime Information Center and the Texas Crime Information Center data bases. From this investigation, he learned appellant's date of birth was April 18, 1965, and his SID number, the identification number assigned by the Texas Department of Public Safety to each arrestee, was 03302430.
>
> The officer also located and obtained a certified copy of a written judgment of August 5, 1993, from Tom Green County. The document states that on August 5, 1993, "Kriss Ray Camp" plead no contest to the charge of "assault, Class A (family violence)." The court imposed a punishment of $25. The judgment includes the right thumbprint of Kriss Ray Camp. It also states his date of birth is April 18, 1965, and his SID number is "TX03302430," these two entries being handwritten.
>
> Another officer testified he was unable to match appellant's thumbprint with that appearing on the Tom Green County judgment because of the quality of the copy of the judgment. Over appellant's objection, the judgment was received in evidence.
>
> As part of its proof that appellant was previously convicted of family violence assault, the State pointed to excerpts from three letters in evidence written by appellant. The first bore a December 16, 2010 postmark and provided in part, "The last family-violence charge was fifteen years ago and cannot be used as a prior conviction, because it was pled out as no contest." The second was

postmarked October 28, 2010, and provided in part, "[A]nd I had one 18 years ago for pulling hair and not this one with you...." The third was postmarked December 8, 2010, and provided in part, "[M]ay be dropped back down to a misdemeanor because of how old my old, 17–year misdemeanor is. I'm pretty sure they can only go back ten years to bring up an old misdemeanor."

The jury convicted appellant of the charged offense. Punishment was tried to the court. Appellant plead true to the first enhancement paragraph and not true to the second. Based on findings of true to both enhancement paragraphs the trial court sentenced appellant as noted. This appeal followed.

*Camp v. State*, No. 07-11-00331-CR, 2013 WL 308992 at *1-2 (Tex. App. - Amarillo Jan. 25,

2013, *pet. ref'd*).  After his direct appeal petitioner filed a state application for habeas corpus,

which was denied on April 30, 2014.  *Ex parte Camp*, No. WR-29, 101-08 (2014).

Petitioner originally filed this federal petition June 20, 2013.  On November 2, 2013,

respondent filed a motion to dismiss the petition because it contained unexhausted claims.  On

February 4, 2014, petitioner filed a motion for stay and abeyance, seeking to return to state court

and exhaust his unexhausted claims.  The Court ordered petitioner to clarify his request for stay

and abeyance to specify the exact relief he sought.  Petitioner then filed a supplemental motion

for stay and abeyance but prior to the Court ruling on the supplemental motion, respondent

notified the Court petitioner's subsequent state habeas application had been resolved.  Petitioner

had also filed a motion for leave to file a supplemental federal petition, adding additional claims

to his original petition, which was granted.

II.
PETITIONER'S ALLEGATIONS

Based upon review of petitioner's original and supplemental petitions, the Court

understands him to allege his conviction and sentence violate his rights under the United States

Constitution because:

A.     His conviction violated the Double Jeopardy Clause and was barred by collateral estoppel;

B.     He received ineffective assistance of trial and appellate counsel because:

     1.    Both trial and appellate counsel failed to make double jeopardy challenges;

     2.    Trial counsel made several errors when cross examining Belinda Camp and appellate counsel failed to raise the issue of her proffer on appeal;

     3.    Trial counsel failed to investigate CAMP's prior convictions;

     4.    Trial counsel erred in regards to a hearing on a motion for new trial;

     5.    Appellate counsel failed to provide him a copy of the appellate decision;

     6.    Appellate counsel erred by failing to inform petitioner of his right to file a petition for discretionary review.

C.     The trial court erred by not allowing petitioner to cross examine a witness;

D.     The state used altered or fabricated documents to prove an enhancement to his conviction;

E.     The state improperly used a prior uncounseled conviction;

F.     The state failed to prove every element of the offense;

G.     The prosecution committed prosecutorial misconduct by:

     1. Withholding exculpatory evidence;

     2. Using perjured testimony;

     3. Failing to allow a complete cross-examination of a witness;

     4. Improperly referencing petitioner's failure to testify; and

H.     Petitioner is actually innocent.

In his initial habeas petition, CAMP raised four grounds: (1) the double jeopardy ground listed as ground A. above, (2) a due process violation for excessive punishment, (3) use of uncounseled conviction for enhancement, listed as ground E. above, and (4) failure to prove every element of the offense, *i.e.* his prior conviction, listed as ground F. above.  Petitioner failed to raise the due process violation he claims resulted in excessive punishment in his state habeas application and the Court considers it unexhausted.

III.
STANDARDS OF REVIEW

*A.  Standard Under 28 U.S.C. § 2254(d)*

Under the Antiterrorism and Effective Death Penalty Act, a petitioner may not obtain habeas corpus relief in federal court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim resulted in a decision contrary to or involved an unreasonable application of clearly established federal constitutional law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d).

The Texas Court of Criminal Appeals heard and adjudicated the merits of the claims petitioner presents in his federal habeas corpus petition when it denied petitioner's applications for state habeas relief without a written order.  *Ex parte Bolles*, No. WR-76,555-01; *see Harrington v. Richter*, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).  Petitioner's burden before this Court is significantly heightened in that petitioner cannot prevail even if he shows the state court's determination was incorrect.  Petitioner must also show the state court unreasonably applied federal law or made an unreasonable determination of the facts.  *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002).

Petitioner has failed to meet this burden.  A review of petitioner's claims confirms this petition should be denied.

### B.  Standard for Ineffective Assistance of Counsel

The proper standard for reviewing a claim of ineffective assistance of trial counsel is enunciated in *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Under the two-pronged *Strickland* standard, petitioner must show defense counsel's performance was both deficient and prejudicial.  *Id.* at 687.  An attorney's performance was deficient if the attorney made errors so serious the attorney was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution.  *Id.*  That is, counsel's performance must have fallen below the standards of reasonably competent representation as determined by the norms of the profession.  A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption counsel's performance falls within the wide range of reasonable professional assistance.  *Id.* at 689.  Strategic choices made after a thorough investigation of both the law and facts are "virtually unchallengeable."  *Id.* at 690-91.  This is a heavy burden which requires a "substantial," and not just a "conceivable," likelihood of a different result.  *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011); *see also Cullen v. Pinholster*, 563 U.S. ___, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011).

Additionally, petitioner must show counsel's deficient performance prejudiced the defense.  To establish this prong, petitioner must show counsel's errors were so serious as to deprive petitioner of a fair trial.  *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.  Specifically, to prove prejudice, petitioner must show "(1) there is a reasonable probability that, but for counsel's

unprofessional errors, the ultimate result of the proceeding would have been different . . . and (2) counsel's deficient performance rendered the trial fundamentally unfair." *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993). A showing of significant prejudice is required. *Spriggs v. Collins*, 993 F.2d 85, 88 n. 4. (5th Cir.1993). If a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the Court need not consider the other prong. *Strickland,* 466 U.S. at 697.

When a state prisoner asks a federal court to set aside a conviction or sentence due to ineffective assistance of counsel, the federal court is required to use the "doubly deferential" standard of review that credits any reasonable state court finding of fact or conclusion of law and that presumes defense counsel's performance fell within the bounds of reasonableness. *Burt v. Titlow,* ___ U.S. ___, 134 S.Ct. 10, 13, 187 L. Ed. 2d 348 (2013). Petitioner's ineffective assistance of counsel claims were adjudicated on the merits in a state court proceeding, and the denial of relief was based on a factual determination that will not be overturned unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L.Ed.2d 931 (2003). A state-court factual determination is not unreasonable merely because the federal court would have reached a different conclusion in the first instance. *Burt*, 134 S. Ct. at 15. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. Petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Canales v. Stephens*, 765 F.3d 551, 563 (5th Cir. 2014). When the Texas Court of

Criminal Appeals denies relief in a state habeas corpus application without written order, as in this case, it is an adjudication on the merits, which is entitled to this presumption.  *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997); *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999) (recognizing this Texas state writ jurisprudence).

### C.  Standard for Ineffective Assistance of Appellate Counsel

To make a claim of ineffective assistance of appellate counsel, a petitioner must, just as is required for a claim about ineffective assistance of trial counsel, meet the two-prong test of *Strickland v. Washington*, 466 U.S. at 689; *Smith v. Robbins,* 528 U.S. 259, 285 (2000).  To establish deficient performance, a petitioner must show that counsel on appeal unreasonably failed to discover and raise nonfrivolous issues.  *Id*.  To establish prejudice, the petitioner "must show a reasonable probability that, [but for counsel's error], he would have prevailed on appeal." *Id*. at 285-86 (citing *Strickland,* 466 U.S. at 694).  To do this, he must show "that a particular nonfrivolous issue was clearly stronger than issues that counsel did present."  *Id*. at 288.  The federal court is required to use the "doubly deferential" standard of review that credits any reasonable state court finding of fact or conclusion of law and that presumes appellate counsel's performance fell within the bounds of reasonableness.  *Burt v. Titlow*, 134 S.Ct. at 13.

IV.
### DOUBLE JEOPARDY

In his first ground, petitioner claims the state was barred from bringing the criminal prosecution against him because of an earlier civil proceeding, which resulted in a protective order being issued.  Petitioner also conflates double jeopardy with collateral estoppel, claiming issues litigated in the civil proceeding collaterally estopped the state from relitigating the underlying factual issues in his criminal case.

Petitioner's interpretation of the Double Jeopardy Clause of the Fifth Amendment is misguided.  The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb[.]"  U.S. Const., amend. V.  "The Double Jeopardy Clause protects against (1) a second prosecution after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense."  *United States v. Paternostro*, 966 F.2d 907, 911 (5th Cir. 1992) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).

Petitioner's claim appears to be that the "multiple punishments" prong of the clause's protections was violated.  "The protection against multiple punishments prohibits the Government from punishing twice, or attempting a second time to punish criminally for the same offense."  *United States v. Ursery*, 518 U.S. 267, 273, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996) (quoting *Witte v. United States*, 515 U.S. 389, 396, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995)) (internal quotations omitted).  "The rationale behind the protection of the Double Jeopardy Clause rests upon the doctrine that the Government or the sovereign with all of its power should not be allowed to make repeated attempts to convict an individual for an alleged offense, or subject him to multiple punishments."  *United States v. Beszborn*, 21 F.3d 62, 67 (5th Cir. 1994).

Petitioner has not argued, nor could he argue, that he was punished as a result of the civil proceeding, and no punishment is evident from the record.  His claim, therefore, fails with respect to Double Jeopardy.  The cases petitioner cites all relate to instances where a defendant was held in criminal contempt based upon *violation* of a protective order and was then later prosecuted criminally for the same conduct that had resulted in the criminal contempt.  *United*

*States v. Dixon*, 509 U.S. 688, 113 S. Ct. 2849, 125 L.Ed. 2d 556 (1993); *Ex parte Rhodes*, 974

S.W.2d 735 (Tex. Crim. App. 1998).  Since petitioner CAMP was never prosecuted for any

violation of the protective order by contempt or any other manner the cases he cites are not

applicable.  The mere entering of a protective order does not constitute punishment for Double

Jeopardy purposes.  *Harris v. State*, 164 S.W.3d 775, 780-82 (Tex. App.—Houston [14th Dist.]

2005, pet. ref'd) (cataloging several Texas Courts of Appeals decisions denying double jeopardy

claims where a protective order had merely been entered but no violation of the order was

prosecuted).

Further, to the extent petitioner's collateral estoppel claim has not been addressed by the

double jeopardy analysis set out above, his claim still fails because he has not identified the

ultimate fact the state was barred from relitigating.  Generally,  "Collateral estoppel depends on

three elements: (1) the issue at stake must be identical to the one involved in the prior action; (2)

the issue must have been actually litigated in the prior action; and (3) the determination of the

issue in the prior action must have been a necessary part of the judgment in that earlier action."

*Recover Edge L.P. v. Pentecost*, 44 F.3d 1284, 1290 (5th Cir. 1995).  More specifically,

collateral estoppel bars relitigation only of those facts necessarily determined in the first trial.

*United States v. Bracket*, 113 F.3d 1396, 1398 (5th Cir. 1997).  Petitioner bears the burden of

demonstrating the issue he seeks to foreclose was "necessarily decided."  *Id.*  In any event, unless

a "double jeopardy" violation occurred, a collateral estoppel claim is not cognizable.  As stated in

*Real v. U.S.A.,* 2014 WL 5343314 at *5 (N.D.Tex. Oct. 16, 2014), "In a federal habeas corpus

proceeding, collateral estoppel does not exist as a cognizable due process claim absent a double

jeopardy violation." (citing *Parr v. Quarterman, 472 F.3d 245, 254 (5th Cir.2006)).*

V.
EFFECTIVE ASSISTANCE OF COUNSEL

In his second ground, petitioner claims his trial and appellate counsels were ineffective. Petitioner offers little more than boiler plate recitations of black letter law, devoid of almost any supporting facts specific to his case.  Without any description of the acts or omissions petitioner contends constitute ineffective assistance, there is no way for this Court to determine whether a Sixth Amendment violation occurred.  Each claim is, nevertheless, discussed below.

Respondent argues that petitioner's claims related to ineffective assistance of appellate counsel have not been presented to a state court, are therefore unexhausted and are procedurally barred.   Petitioner, however, appears to have raised the issue of effective assistance of appellate counsel in the issues presented and argument sections of his state habeas memorandum. Respondent contends the issue was not presented in a procedurally correct manner because it was not presented in the "form petition" as required by Texas Rule of Appellate Procedure 73.1. Since petitioner's claims related to effective assistance of appellate counsel are without merit, the Court declines to decide whether the issues are unexhausted and procedurally barred, but instead will address the claim.

*1. Double Jeopardy*

Petitioner alleges he received ineffective assistance of counsel because trial counsel failed to challenge his criminal trial as violative of the double jeopardy clause.  He likewise claims he received ineffective assistance of appellate counsel because his appellate counsel failed to challenge his conviction on double jeopardy grounds.  Both of these claims are without merit. As discussed in paragraph IV. of this Report and Recommendation, petitioner's trial following an earlier protective order hearing did not violate the Double Jeopardy Clause of the Fifth

Amendment.  It would have been frivolous for either counsel, trial or appellate, to lodge a double jeopardy objection or argument and neither counsel were ineffective for failing to do so.

### 2.Cross- Examination

Petitioner next raises several claims related to the cross-examination of Belinda Camp. Petitioner first claims trial counsel was ineffective for failing to completely cross examine Belinda Camp.  Petitioner is incorrect.  As discussed in paragraph VI. below, trial counsel argued in favor of more extensive cross-examination but counsel's request was denied by the trial court.

Petitioner argues trial counsel was ineffective for failing to object to the "forced cross examination outside the [presence] of the jury."  During trial, certain parts of Belinda Camp's testimony were taken outside the presence of the jury so the trial court could determine the admissibility of the evidence and to allow petitioner to make a record in the event of an appeal. There was nothing for counsel to object to and it was not error for trial counsel to "allow" this procedure.  Petitioner's trial counsel's decision not to object to the questioning of Belinda Camp outside the presence of the jury was reasonable.

Petitioner also argues it was error for trial counsel to fail to object, and then for appellate counsel to fail to raise the issue on direct appeal, of Belinda Camp's proffer of known, perjured testimony.  As discussed in paragraph IX. petitioner has not offered any evidence that Belinda Camp's testimony was false, nor has he offered any evidence that trial counsel knew her testimony was false or would have discovered it to be false with reasonable investigation.

### 3. Failure to Investigate

Petitioner claims trial counsel failed to investigate the prior convictions used for enhancement.  In order to establish counsel's ineffectiveness for failing to investigate, CAMP

must do more than merely make an allegation – he must state with specificity what the investigation would have revealed, what evidence would have been discovered, and how that evidence would have altered the outcome of the trial. *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994); *Rose v. Johnson*, 141 F.Supp.2d 661, 691 (S.D. Tex. 2001). While petitioner alleges additional investigation would have discovered evidence to prove some of the documents used for enhancement were forgeries, petitioner has not identified any such evidence whatsoever nor has he demonstrated how any additional investigation would have uncovered evidence of forgery. CAMP has offered nothing more than his conclusory allegations the documents were forged. In other words, other than his unsupported contention, CAMP has not provided the Court with any evidentiary support of his claim of forgery. This claim is without merit.

### 4. Motion for New Trial Hearing

Respondent indicates he believes petitioner is claiming trial counsel was ineffective for failing to make any argument at the motion for new trial hearing and for failing to bring petitioner to the hearing. It is not clear, however, from reading petitioner's brief that petitioner is raising that particular ground. It seems, instead, petitioner may merely be explaining the facts of the case he is relying upon, *Mallett v. State*, 28 S.W.3d 603, 607-08 (Tex. App.—Corpus Christi 2000, pet. granted) (reversed by *Mallett v. State*, 65 S.W.3d 59 (Tex. Crim. App. 2001) (holding defendant failed to overcome the presumption trial counsel acted reasonably)). The motion for new trial was filed August 17, 2011. After the expiration of 75 days from petitioner's sentence date the motion would have been deemed denied if no action was taken by the trial court. As there is nothing in the record indicating there was an in court hearing on the motion for new trial this appears to be exactly what happened.

### 5. Failure to Notify Petitioner of Result of Appeal

Petitioner claims appellate counsel was ineffective by failing to send him a copy of the

appellate decision as required by Texas Rule of Appellate Procedure 48.4.  It is unnecessary to

determine whether petitioner received the appellate decision.  Even if petitioner is correct, his

claim does not entitle him to federal relief.  Petitioner has not argued, much less shown, that the

failure to forward a copy of the opinion to him caused him any prejudice.  Petitioner's claim is

without merit.

### 6. Failure to Notify Petitioner of Right to File Petition for Discretionary Review

Petitioner claims appellate counsel erred by failing to inform petitioner of his right to file

a petition for discretionary review.  Again, even assuming appellate counsel failed to inform

petitioner of this right, petitioner's claim entitles him to no relief.  Petitioner has not shown

prejudice.  In order to succeed on this claim, petitioner would have to show counsel's failure to

inform him of his right to file a petition caused him to miss a filing deadline or otherwise

prejudiced him in some way.   Petitioner CAMP filed a petition for discretionary review which

was denied on its merits June 12, 2013.

Petitioner has failed to show that either his trial or appellate counsel were ineffective and

has failed to show any alleged ineffectiveness caused him prejudice.  Petitioner's second ground

should be denied.

## VI.
## CROSS-EXAMINATION

In his third ground, petitioner claims his confrontation rights and his right to present a

complete defense were violated because the trial court did not allow cross-examination of two

witnesses.  Respondent contends these claims are unexhausted and procedurally barred because

petitioner did not assert the claims in his state habeas application.  These claims, or at the very least, a close composite of these claims, however, *were* presented in petitioner's state habeas application.  Consequently, the merits of the claim will be addressed below.

If petitioner is understood to be making a claim that his confrontation rights were violated or that he was totally denied the right to cross-examination, that claim is without merit.  The witnesses petitioner complains about, Belinda Camp and Kathy Guinn, both appeared in person at trial, took the stand, testified in open court, and were subject to cross-examination.  Petitioner had the *opportunity* to confront both witnesses, and that is all that is required under the Confrontation Clause. *Crawford v. Washington*, 541 U.S. 36, 68, 124 S. Ct. 1354, 1374, 158 L. Ed. 2d 177 (2004).

Petitioner offers only the most conclusory of arguments, stating "the trial records reflect that the trial court and the states (sic) attorney would allow no cross examination of B. Camp to do so would allow the jury to hear false testimony, of the alligation (sic) of the alleged assault would have resulted in a diferent (sic) verdict of not guilty."  Amend. Pet. at 11.  Petitioner's claim is factually inaccurate since trial counsel extensively cross-examined Belinda Camp.  2 RR 144-64, 167, 169, 191-97.

Additionally, petitioner has not set out what areas of inquiry trial counsel was prohibited from exploring on cross-examination or what evidence he contends would have been uncovered by asking questions related to those areas.  From an examination of the record, the cross-examination of Belinda Camp was limited only in certain regards.  For example, petitioner was not allowed, in front of the jury, to ask questions relating to Belinda Camp's previous marriages or inquire about certain details of a past incident of domestic violence involving petitioner in

which the police did not make an arrest.  A trial court has wide latitude to impose reasonable

limits on cross-examination in order to avoid harassment, prejudice, confusion of the issues,

repetitive or only marginally relevant evidence, and danger to the witness.  *Johnson v. Puckett*,

176 F.3d 809, 820 (5th Cir. 1999).  Such limitations do not violate the constitution if the cross-

examination which is allowed gives the jury adequate information to appraise the biases and

motives of the witness.  *Id.*  Outside of the presence of the jury, petitioner's trial counsel

proffered that the inquiry into the previous incident of domestic abuse and Belinda Camp's

previous marriages was for the purpose of establishing that the victim had a scheme whereby she

would marry men, intentionally incite domestic abuse, have the husband arrested, and then

acquire that man's property before divorcing him.  Petitioner's trial counsel said the intention

was to argue Belinda Camp used the earlier domestic abuse incident to gauge the level of injury

she would need to sustain in order to cause the police to arrest petitioner.  The judge indicated he

was concerned that getting into the details of the prior incident, and Belinda Camp's past

marriages, would sidetrack the trial.  The judge allowed petitioner to bring up the occurrence of

the prior incident and to allow Belinda Camp testify that petitioner was not arrested after the first

incident.  Petitioner was not, however, allowed to inquire into specific details of the prior

incident.  A trial judge is allowed to manage a case by limiting the scope of inquiry and

forbidding testimony regarding details that are irrelevant or only marginally relevant.  *See United

States v. Galaz-Perez*, 524 F. App'x 95, 97-98 (5th Cir. 2013).  That is precisely what the trial

judge did.  Petitioner CAMP has failed to meet his burden of showing the trial court's decision

was contrary to or involved an unreasonable determination of law because he has failed to show

such evidence, even if relevant, would be more than marginally relevant, if that.  Petitioner's

contention that the limitations placed upon his cross-examination of Belinda Camp violated the United States Constitution is without merit.

Regarding the second witness, Kathy Guinn, petitioner was not denied the opportunity to cross examine her.  During the direct examination of Guinn, she was unable to give any meaningful testimony because she was unable to remember when she had witnessed the events she was called to testify about.  Trial counsel objected to her testimony based on lack of predicate, and because Guinn was still unable to remember *when* she saw Belinda Camp, the judge ruled Guinn would not be allowed to give testimony about the extent of Belinda Camp's injuries, and the prosecution passed her as a witness.  Trial counsel was given the opportunity to cross examine but stated that she had no questions to ask.  2 RR 219.  Guinn did not give any meaningful testimony much less any damaging testimony.  Consequently, there was nothing to cross examine about.  In addition, petitioner has not stated what testimony he expected cross-examination would have elicited, nor has he explained how that testimony would have changed the result of the trial.  In a different section of his brief, petitioner argues Guinn would have testified that Belinda Camp gave perjured testimony, but he offers no evidence to support that claim.  Petitioner's claim that he was denied the opportunity to cross examine Kathy Guinn is without merit.

VII.
JURY FINDING

Petitioner argues his fourth and sixth grounds together.  In his fourth ground, petitioner claims the state improperly enhanced his conviction.  In his sixth ground, petitioner claims the state failed to prove every element of the offense.  In both these grounds, petitioner's claims center on his contention there were defects in the documents used to prove his prior convictions.

Petitioner first claims that certain exhibits, which petitioner has marked as exhibits I, J, K, and L, contain deficiencies such as lack of signatures, handwritten and unverified additions, and an incorrect identification of the name of the victim.  According to petitioner, the admission into evidence of these documents was dependent upon petitioner testifying the documents were authentic.  Ultimately, petitioner claims these documents are forgeries.

There are two flaws to this portion of petitioner's fourth ground.  The first is that petitioner's allegations are entirely conclusory.  Petitioner offers only his speculation that the documents were forgeries or that information was added to the documents after they were completed.  The second issue is that petitioner offers no legal basis to support his claim. Petitioner contends, "These documents would require outside testimony independent evidence (sic) to use the documents."  Supp. Pet. at 12.  But the code section petitioner cites, Texas Penal Code 22.01(b)(2)(A), contains no requirement of proof.  Whether or not information was added to these forms, whether or not the documents were forgeries, and whether or not the documents were properly authenticated are all factual determinations, and such factual determinations are the province of the trial court, not this Court on federal habeas review.  *Miller-El*, 537 U.S. at 340, 123 S. Ct. at 1041.  Petitioner has not shown the trial court erred in admitting these documents much less that the admission of them violated any constitutional right.

Petitioner next claims the jury was required to verbally declare that the enhancement allegations were true before the judge could assess an enhanced sentence.  Petitioner cites Texas Code of Criminal Procedure 37.07(1)(a) in support of this contention.  That section states, "The verdict in every criminal action must be general.  When there are special pleas on which a jury is to find they must say in their verdict that the allegations in such pleas are true or untrue."

Petitioner misrepresents that statute and appears to contend the word "say" requires a verbal response from the jury. The statute contains no requirement that a finding of guilt or of true must be made verbally as opposed to being in writing.

If, on the other hand, petitioner is claiming the trial court erred by failing to require the jury to find separately, as a "special plea," that petitioner had previously been convicted of a prior domestic violence incident, then petitioner's claim is without merit. The jury was not required to find, by special plea, that petitioner had previously been convicted of a crime of family violence. A special plea is one raised by a defendant, and "[a] defendant's only special plea is that he has already been prosecuted for the same or a different offense arising out of the same criminal episode that was or should have been consolidated into one trial." Tex. Crim. Pro. Art. 27.05. The special plea portion of 37.07(1)(a), which petitioner cites, is not relevant to this case.

If petitioner is arguing the trial court erred by failing to require the jury to find petitioner had committed a past offense of family violence generally, his claim is equally without merit. The jury charge stated:

> [I]f you find from the evidence beyond a reasonable doubt that the defendant KRISS RAY CAMP, prior to the commission of said [July 29, 2010] offense, if any, on the 5th day of August, 1993, in the County Court at Law of Tom Green County, Texas, was convicted of an offense against a member of the defendant's family or member of the defendant's household under Section 22.01 of the Texas Penal Code then you will find the defendant guilty of Assault as charged in the indictment.

Before the jury could convict petitioner on the Potter County felony offense, the jury was required to find beyond a reasonable doubt that petitioner committed an assault *and* had previously been convicted of a crime of family violence. The prior Tom Green County domestic violence conviction was presented to the jury as an essential element of the Potter County felony offense. Had the jury not found petitioner to have committed the past act of family violence out

of Tom Green County, then the jury instructions required the jury to acquit.  Thus, the issue of

petitioner's past conviction was presented to the jury who found against petitioner.  Petitioner's

claim to the contrary is without merit.

VIII.
USE OF UNCOUNSELED PRIOR CONVICTION

In his fifth ground, petitioner claims an uncounseled prior conviction was used to enhance

his punishment and again cites his exhibits I, J, K, and L.  Petitioner contends this violated his

right to due process.  The only prior conviction referred to in the documents referenced is

petitioner's 1993 domestic violence judgment and sentence.  Petitioner claims these were the

only documents entered into evidence to prove he had waived counsel during the plea on his

1993 domestic violence conviction, and contends the documents are not admissible because he

had not verified them.  The state counters that the judgment itself states that petitioner

knowingly, intelligently, and voluntarily waived his right to representation by counsel.  4 RR ex.

12.

Petitioner is correct that a conviction against a defendant who is unrepresented by

counsel, or who has not validly waived counsel, cannot be used to enhance a later conviction,

citing *Burnett v. Texas*, 389 U.S. 109, 114-115, 88 S.Ct. 258, 261-62, 19 L.Ed. 319 (1967).

Petitioner, however, has failed to show he did not waive counsel.  The record in this case is not

silent and the judgment includes an acknowledgment of waiver of counsel.  While it is not signed

by petitioner, it is signed by the judge who presided over the plea and is sufficient evidence to

support a valid waiver of counsel.  As the state points out in its brief, judgments are entitled to a

presumption of regularity.  *See Webster v. Estelle*, 505 F.2d 926, 930 (5th Cir. 1974) ("The

admissibility of such records rests on the presumption that sworn public officials faithfully

execute their duties.").  Petitioner has not offered any evidence contradicting the judgment.

"[Petitioner's] own self-serving declarations do not meet the burden" sufficiently to overcome

the presumption of regularity.  *Honeycutt v. Ward*., 612 F.2d 36, 41 (2nd Cir. 1979).  Petitioner's

fifth ground should be denied.

IX.

## PROSECUTORIAL MISCONDUCT

In his seventh ground, petitioner claims the prosecutor committed misconduct by (1)

withholding exculpatory and impeachment evidence, (2) withholding information related to

Kathy Guinn, (3) knowingly using perjured testimony, (4) withholding the actual copies of

documents used for enhancement and replacing those documents with forgeries, (5) failing to

allow a complete cross-examination of Belinda Camp, and (6) stating that petitioner is guilty by

failing to testify.[1]

## BRADY

Petitioner alleges the prosecution violated *Brady* by failing to disclose exculpatory

evidence.  Petitioner claims "the respondent has voluntarily admitted to the prosecution discloser

(sic) of (exhibits B, C, D, I, J, K, and L) in violation of *Brady*."

To prevail on a *Brady* claim, a petitioner must show (1) the prosecution suppressed

evidence, (2) the evidence was favorable to the defense, and (3) the evidence was material.  *Drew

v. Collins*, 964 F.2d 411, 419 (5th Cir. 1992).  The State has no obligation to point the defense

toward potentially exculpatory evidence when that evidence is either in the possession of the

---

[1]In his argument section, petitioner also claims the prosecution committed misconduct by violating *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed. 2d 435 (2000), which requires any fact that would enhance a conviction to be submitted to a jury.  It is not clear what special issue petitioner believes should have been submitted to the jury.  If petitioner is referring to his previous family violence conviction, it, as discussed in paragraph VII, was in fact submitted to the jury as part of the jury charge.

defendant or can be discovered by exercising due diligence. *Rector v. Johnson*, 120 F.3d 551, 558-59 (5th Cir. 1997).

All of the documents petitioner claims the prosecution failed to disclose are matters of public record and did not need to be disclosed pursuant to *Brady*. *See United States v. Infante*, 404 F.3d 376 387 (5th Cir. 2005) (holding no *Brady* violation occurs where the complained of evidence is a matter of public record, obtainable upon request). Exhibits C and D are documents petitioner should have been intimately familiar with. Exhibit C, the judgment from the protective order hearing, indicates petitioner appeared at the hearing, and Exhibit D, a transcript of the hearing includes petitioner's testimony. The prosecutors cannot be said to have violated *Brady* by not giving evidence to petitioner that he was already aware of or which he could have become aware of by the exercise of due diligence.

Additionally, petitioner has not identified anything in the documents that could be considered exculpatory. Instead, petitioner has simply asserted that he had a general entitlement to the documents and that the state violated that entitlement by not turning them over to him. This is not sufficient to trigger a *Brady* claim, and the prosecutor did not commit misconduct by failing to turn documents over. This portion of petitioner's seventh ground is without merit.

<u>PROSECUTORIAL MISCONDUCT</u>

Petitioner next alleges the prosecution committed misconduct by failing to supply him with Kathy Guinn's testimony. Respondent claims this portion of petitioner's claim is unexhausted. But, as with petitioner's ineffective assistance of appellate counsel claim, this claim was presented in petitioner's memorandum. Additionally, assuming petitioner was required to raise the issue in his form petition, this claim would likely fall under petitioner's

general *Brady* claim, which was presented in the form petition.  As to the merits of petitioner's

claim, Guinn was available to testify, and, in fact, took the stand, albeit briefly.  Any evidence

obtainable through the testimony of Guinn was available to petitioner and was not hidden by the

prosecution.

Petitioner claims the prosecution committed misconduct by knowingly using perjured

testimony but offers no evidence to support this claim other than his conclusory allegations.

The Supreme Court has held that the knowing presentation of false evidence at trial by the

prosecution, as well as the admission of false evidence at trial that, although not solicited, is not

corrected, violates a criminal defendant's due process rights.  *Napue v. Illinois*, 360 U.S. 264,

269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959); *Mooney v. Holohan*, 294 U.S. 103, 55 S.Ct. 340, 79

L.Ed. 791 (1935).  "To prove such a due process violation, the plaintiff must establish that (1)

someone testified falsely; (2) the government knew the testimony was false; and (3) the

testimony was material."

*Colomb v. Grayson*, 2013 WL 3213000, at *5 (W.D. La. June 24, 2013)(internal cites omitted).

The only evidence petitioner offers to support his assertion that the complainant's

testimony was false is his claim that it was.  He has failed to satisfy the first two prongs of the

test, i.e. a person offered false testimony and the prosecution knew of the falsity.  Consequently,

petitioner has not established the complainant gave perjured testimony.  See *Koch v. Puckett*, 907

F.2d 524, 531 (5th Cir.1990) (holding that conflicting testimony does not prove perjury but

instead establishes a credibility question).

As to the possibility that Guinn had evidence or testimony proving Belinda Camp's

testimony was false, petitioner has not identified any statement or testimony Guinn ever gave

conflicting with Belinda Camp's testimony.  Moreover, the fact that Guinn may have made

statements that she believed Belinda Camp was untruthful does not show the State knew the

complainant gave perjured testimony.  *See Kutzner v. Cockrell*, 303 F.3d 333, 337 (5th Cir.2002)

(holding that the fact that false or perjured testimony is challenged by other evidence presented at

trial or is inconsistent with prior statements does not establish that the prosecution knew or

believed that testimony to be false).  Petitioner has not presented any evidence of (or even argued

that) the prosecution knew the testimony was perjured.  Petitioner has not shown there was any

prosecutorial misconduct, and this claim entitles him to no habeas relief.

Petitioner next argues the prosecutor committed misconduct by referencing petitioner's

failure to testify.  Petitioner does not cite to the record where petitioner's failure to testify was

commented upon, and the Court cannot find any such reference in the trial transcript.

Petitioner's claim fails.

Next Petitioner re-urges the claim addressed in paragraph VI., that he was not allowed to

cross examine Belinda Camp, but adds that the prosecutor committed misconduct by not

allowing the cross-examination.  As discussed in paragraph VI., petitioner was not prevented

from cross examining Belinda Camp, and even if it were true that petitioner was not allowed to

cross examine Belinda Camp as extensively as he wished, the decision to prevent the cross-

examination was the trial judge's, not the prosecutor's.

Petitioner also re-urges the argument he raised in his sixth point, addressed in paragraph

VIII., that the documents used to prove his prior conviction were forged or otherwise falsified.

Petitioner now claims the prosecution committed misconduct by introducing those documents.

Again, petitioner has offered nothing more than conclusory allegations that the documents were

forged.  For the reasons discussed in paragraph VIII., this portion of petitioner's claim is without

merit.

## X.
## ACTUAL INNOCENCE

Petitioner claims he is entitled to habeas relief because he is actually innocent.  The

Supreme Court has not decided whether a prisoner is entitled to habeas relief based upon a

freestanding claim of actual innocence.  *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931, 185 L. Ed.

2d 1019 (2013).

 Even if this Court could consider a free-standing claim of actual innocence, petitioner's

claim would fail.  Petitioner initially claims he is actually innocent because his subsequent

prosecution was barred by the Double Jeopardy Clause.  That contention has been addressed.

Petitioner's additional claim, that the jury would have found him innocent if it had seen all the

evidence and testimony, is conclusory and without merit.  Petitioner has not identified any

evidence demonstrating he was actually innocent of the crime.

In respondent's Supplemental Answer, respondent identifies one of petitioner CAMP's

grounds as, "He is actually innocent because the letters admitted at trial were not eligible as

evidence."  This is not a ground raised in petitioner's brief and this Court will not address it any

further than it has already been addressed.  Petitioner's actual innocence claim is not cognizable

and even if it were, it is without merit.

## XI.
## RECOMMENDATION

Petitioner has failed to present any meritorious claim warranting federal habeas corpus

relief.  It is the RECOMMENDATION of the United States Magistrate Judge to the United

States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody

filed by petitioner KRISS RAY CAMP be DENIED on the merits.

XII.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___12th___ day of August 2015.


_____

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(c), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).